IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA BOOHER, | : Civ. No. 3:22-CV-672 |
| Plaintiff, | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| CO GONGLOFF AND CO FISHER, | : |
| Defendants. | : |

MEMORANDUM ORDER

## I. Introduction

This is a civil rights action filed by the plaintiff, Joshua Booher, against Correctional Officers Gongloff and Fisher, alleging that the defendants violated his Eighth Amendment rights by failing to protect him from an attack by another inmate. This matter is scheduled for a jury trial beginning on September 28, 2026. Pending before the court are several motions *in limine* filed by the parties. The parties have filed competing motions *in limine* regarding the plaintiff's prior violent felony convictions.[1]

[1] Docs. 84, 87.

For their part, the defendants filed a motion *in limine* seeking authorization to impeach Booher's credibility and contradict Booher's testimony regarding his vulnerable characteristics through evidence of his prior 2021 violent felony convictions.[2] Gongloff and Fisher also seek to cross-examine Booher regarding specific instances of untruthfulness during investigation of these crimes in these matters.[3] Booher has filed his own motion *in limine* seeking to exclude any reference to his 2021 convictions.[4]

For the following reasons, both motions will be granted, in part, and denied, in part. We will permit (1) cross-examination regarding specific instances of untruthfulness without reference to the underlying substance of the investigations or convictions and (2) impeachment by contradiction as to Booher's testimony that the defendants were aware of an obvious risk of sexual victimization with evidence that inmates are screened for risk of sexual victimization based on various characteristics, including "whether the inmate's criminal history is exclusively

---

[2] Doc. 87.
[3] *Id.*
[4] Doc. 84.

nonviolent[,]"[5] and that Booher did not meet the criteria to be designated at risk of sexual victimization. With the exception noted below, this evidence will be restricted in scope to exclude any reference to Booher's specific 2021 convictions, the nature of these convictions, or details of Booher's 2021 convictions.

## II. Standard of Review & Legal Principles

Motions *in limine* are filed "to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence."[6] Courts are vested with broad authority and discretion to rule on motions *in limine* prior to trial "to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence."[7] A trial court's ruling on a motion *in limine* is reviewed only for an abuse of that discretion.[8]

Regarding the admissibility of evidence generally, Rule 402 of the Federal Rules of Evidence prescribes that "[a]ll relevant evidence is

---

[5] Doc. 88 (citing 28 C.F.R. § 115.41(d)(3)–(5), (7), (9)).
[6] *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017).
[7] *United States v. Larry*, 537 F. Supp. 3d 766, 768 (M.D. Pa. 2021) (citation modified).
[8] *Abrams v. Lightolier Inc.,* 50 F.3d 1204, 1213 (3d Cir. 1995).

admissible," unless the Rules or law provide otherwise.[9] Relevant evidence is evidence "having any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[10] However, Rule 403 instructs that relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ."[11]

Rule 404 restricts the admission of relevant evidence in particular instances.[12] Rule 404(a)(1) provides that character evidence is generally not admissible to prove conduct.[13] With the exception of defendants and victims in criminal cases, parties may not use evidence of either good or bad character to support that "a person acted in accordance with the character or trait."[14]

[9] Fed. R. Evid. 402.
[10] Fed. R. Evid. 401.
[11] Fed. R. Evid. 403.
[12] Fed. R. Evid. 404; *see United States v. Ramos*, 971 F. Supp. 186, 191 (E.D. Pa. 1997), *aff'd*, 151 F.3d 1027 (3d Cir. 1998).
[13] Fed. R. Evid. 404(a)(1).
[14] *Id.*

Rule 404(b) likewise "proscribes the admission of evidence of other crimes when offered to prove bad character[.]"[15] The rule provides that '[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."[16] "Under Rule 404(b) testimony is barred if it is offered only to permit the jury to infer that because someone previously committed bad acts, that person is of unfavorable character and more likely to have committed the crime charged."[17]

Notwithstanding these limitations, Rules 608 and 609 allow a witness's character for truthfulness to be impeached.[18] While prohibiting the use of extrinsic evidence, Rule 608(b) allows, with the court's discretion, cross-examination regarding specific acts that are probative

[15] *United States v. Bobb*, 471 F.3d 491, 497 (3d Cir. 2006) (quoting *United States v. Gibbs*, 190 F.3d 188, 217 (3d Cir.1999)).
[16] Fed. R. Evid. 404(b)(1).
[17] *Ramos*, 971 F. Supp. at 191; *see United States v. Caldwell*, 760 F.3d 267, 275 (3d Cir. 2014) ("This rule reflects the longstanding concern that evidence of prior bad acts, when offered only to show the defendant's propensity to commit the charged crime, is said to weigh too much with the jury and to so overpersuade them as to prejudice one with a bad general record and deny him a fair opportunity to defend against a particular charge." (citation modified)).
[18] Fed. R. Evid. 608, 609.

of a witness's credibility.[19] Rule 609 also permits a party to attack a witness's credibility through admission of evidence of a witness's prior criminal conviction. Evidence of a conviction for crimes involving dishonesty or fraud is automatically admissible to impeach a witness's credibility.[20] But, for crimes "punishable by death or by imprisonment for more than one year," then the conviction "must be admitted, subject to Rule 403, in a civil case . . . ."[21] Thus, evidence of crimes punishable by imprisonment greater than one year is admissible unless the probative value of the evidence is substantially outweighed by the potential for prejudice.

## III. Discussion

The defendants' motion *in limine* requests that the defendants be permitted to impeach Booher's credibility on several grounds. First, Gongloff and Fisher seek to impeach Booher's credibility with evidence of his 2018 conviction for false reports under Rule 609(a)(2).[22] Booher's motion *in limine* does not seek to preclude his false reports conviction and

[19] Fed. R. Evid. 608(b)(1).
[20] Fed. R. Evid. 609(a)(2)
[21] Fed. R. Evid. 609(a)(1)(A).
[22] Doc. 87.

agrees it is admissible as *crimen falsi*.[23] Accordingly, we will permit the defendants to introduce evidence of Booher's *crimen falsi* conviction for impeachment purposes.

Second, Gongloff and Fisher request permission to impeach Booher's credibility with evidence of Booher's 2021 convictions for aggravated assault, endangering the welfare of children, simple assault, and recklessly endangering another person, endangering the welfare of children (collectively, Booher's "violent felony convictions") pursuant to Rule 609(a)(1)(A).[24] By contrast, Booher requests that the court preclude Gongloff and Fisher from "introducing evidence of, cross examining any witness concerning, referring to, or arguing from [Booher's violent felony convictions], including the fact of those convictions, the names and grading of the offenses, the number of counts, the identity or age of the complainant, and the facts underlying them."[25]

Gongloff and Fisher also seek to cross-examine Booher regarding "repeated use of knowingly false, materially changing, or coordinated

---

[23] Doc. 84.
[24] Doc. 87.
[25] Doc. 84

accounts when required to explain events within his personal knowledge" in both the false reports and violent felony matters under Rule 608(b).[26]

Finally, beyond attacking Booher's character for truthfulness, Gongloff and Fisher seek to admit evidence of Booher's violent felony convictions in response to Booher's anticipated testimony regarding his vulnerability.[27] Booher's theory of the case, properly understood, is that his characteristics "made him particularly vulnerable to sexual assault by another inmate" and, because of his characteristics, the defendants knew that Booher faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. Gongloff and Fisher seek to use Booher's violent felony convictions to disprove Booher's testimony regarding his vulnerability. We address each request in turn.

---

[26] Docs. 87-88.

[27] Doc. 88. Although Gongloff and Fisher's briefing asserts that Booher's "vulnerability theory" provides a basis for admission of Booher's violent criminal convictions, separate and distinct from impeachment by contradiction, we see no meaningful difference between these arguments and the defendants do not provide any legal support to distinguish the two. Accordingly, we will treat Gongloff and Fisher's request to admit evidence of Booher's violent criminal convictions in response to Booher's vulnerability testimony as impeachment by contradiction.

### A. The Defendants will be Precluded from Introducing Evidence of the Plaintiff's Violent Felony Convictions for Impeachment under FRE 609(A)(1)(A).

Whether Booher's violent felony convictions are admissible to attack his credibility is governed by Rule 609, which provides that evidence of a witness's felony conviction "must be admitted, subject to Rule 403[.]"[28] "The incorporation of Rule 403 into Rule 609(a)(1) requires that evidence of prior convictions that is probative of the credibility of the witness must be excluded if the court determines that the prejudicial effect of admitting the convictions would substantially outweigh their probative value."[29] In making this balancing determination, the Third Circuit has "directed that four factors should be weighed against the potential for prejudice in admitting a conviction: (1) the nature of the conviction; (2) the time elapsed since the conviction; (3) the importance of the witness's testimony to the case; and (4) the importance of credibility to the claim at hand."[30]

---

28 Fed. R. Evid. 609.

29 *Tabron v. Grace*, 898 F. Supp. 293, 295 (M.D. Pa. 1995).

30 *Sharif v. Picone*, 740 F.3d 263, 272 (3d Cir. 2014) (citing *United States v. Greenidge*, 495 F.3d 85, 97 (3d Cir.2007) (citing *Gov't of the Virgin Islands v. Bedford*, 671 F.2d 758, 761 n. 4 (3d Cir.1982))).

Considering these four factors, Booher's violent felony convictions yield minimal probative value regarding his character for truthfulness. First, while not a *per se* rule, "often, crimes of violence are less probative of honesty than are crimes involving deceit or fraud."[31] The Third Circuit instructed in *Sharif* that Rule 609 "require[s] a district court to be diligent in considering the nature of the conviction and its relationship to the issues at trial, and in explaining its reasons for admission under Rule 403."[32] Viewed in isolation, Booher's violent felony convictions are unrelated to his present civil rights claim, suggesting limited prejudicial risk in admitting the convictions for impeachment purposes. But Gongloff and Fisher's briefing reveals the issues are not so neat.

Gongloff and Fisher request to use Booher's violent felony convictions to attack Booher's truthfulness, while simultaneously seeking to use the convictions in response to Booher's testimony regarding his vulnerability. The nature of Booher's violent convictions is

---

[31] *Sharif*, 740 F.3d at 273.
[32] *Id.*

closely related to a central issue in the case and therefore poses a significant risk of confusing the issues and weighs in favor of exclusion.[33]

The second factor, "time elapsed between the conviction and the defendant's testimony at trial, does not weigh in favor of either side."[34] While fairly recent convictions are highly probative, older convictions present diminished probative value.[35] Here, Booher's five-year-old convictions are "not so far remote . . . as to be irrelevant[,]" nor so recent as to be highly probative.

The final two factors, "the importance of the witness's testimony and the importance of credibility to the claim at hand, overlap."[36] The Third Circuit recognizes that "[t]he tactical need for [a party] to testify on his or her own behalf may militate against use of impeaching

---

[33] *See Seawright v. Banning*, 677 F. Supp. 3d 310, 315 (E.D. Pa. 2023) (citations omitted) (finding that the close relation between the conviction and the issues at trial "creates a distinct risk of the jury making an improper propensity reference.").
[34] *Sharif*, 740 F.3d at 273; *see also* Fed. R. Evid. 609(b) (limit on using prior convictions that are more than 10 years old).
[35] *Compare United States v. Causey*, 9 F.3d 1341, 1344 (7th Cir.1993) (finding conviction within the last six months was highly probative) *with United States v. Paige*, 464 F. Supp. 99, 100 (E.D. Pa. 1978) (deeming eight year old conviction to have diminished probative value).
[36] *Sharif*, 740 F.3d at 273.

convictions."[37] Thus, a "court should consider whether, by permitting conviction impeachment, the court in effect prevents the [party] from testifying."[38] Here, Booher's credibility is central to establish that he in fact was vulnerable and faced an obvious substantial risk of harm. While impeaching Booher's credibility is critical to the defendants' case, evidence of Booher's 2021 violent felony convictions adds little probative value on top of his false report conviction that the jury may be made aware of during the trial. The jury will also be aware that Booher is currently an inmate in prison, which provides additional basis to undermine Booher's credibility.[39]

Although Booher's violent felony convictions may be relevant to the merits of his substantive claims, these convictions add little probative value to impeaching Booher's credibility and will not be permitted on this basis.

---

[37] *United States v. Caldwell*, 760 F.3d 267, 287 (3d Cir. 2014) (citation modified).

[38] *Id.*

[39] *Tabron*, 898 F. Supp. at 296 ("The mere fact of incarceration in a state correctional institution, however, is a significant tool for undermining the credibility of an inmate witness[.]").

B. The Defendants will be Permitted to Engage in Limited Cross-Examination Concerning the Plaintiff's Specific False and Changing Accounts under Rule 608(b).

Gongloff and Fisher also seek to cross-examine Booher about his "history of changing his version of events" during investigations into his prior criminal convictions to impeach his credibility.[40] "Rule 608(b) permits cross-examination of a witness concerning specific instances of conduct probative of [his] character for untruthfulness."[41] The court must first "determine whether the specific conduct at issue is probative of the witness's character for truthfulness[,]" and then "decide whether unfair prejudice substantially outweighs the evidence's probative value."[42] Here, the specific acts of deceit during investigations into Booher's 2021 criminal convictions are highly probative of his truthfulness.

However, we agree with Booher that Gongloff and Fisher may not use these specific instances to circumvent Rule 404 or 609 and bring in impermissible character evidence or convictions that are inadmissible for

---

[40] Doc. 88 at 12.
[41] *Pa. Trust Co. v. Dorel Juvenile Group, Inc.*, 851 F. Supp. 2d 831, 845 (2011).
[42] *Id.*

impeachment purposes. Thus, we will permit cross-examination regarding specific acts of untruthfulness during investigation without reference to the substance of any deceitful statements, the details of the underlying investigation, or his subsequent violent felony convictions.

C. We Will Permit Evidence that the Plaintiff Did Not Meet the Criteria to be Designated as at Risk of Sexual Victimization and Preclude Introduction of the Plaintiff's Violent Felony Convictions for Impeachment by Contradiction Pending Plaintiff's Testimony.

The final issue is whether Booher's 2021 violent felony convictions are admissible for purposes of impeachment by contradiction as to Booher's vulnerability testimony.[43]

As a starting point, we recognize that prison officials may not introduce evidence of a violent felony conviction of which they were unaware to merely suggest that they "*would* have considered [the] Plaintiff more dangerous" in an Eighth Amendment claim for failure to protect.[44] But speculation over whether an inmate was deemed dangerous differs from actual evidence that an inmate was not deemed

[43] Docs. 87, 88.
[44] *Tabron*, 898 F. Supp. at 298 (M.D. Pa. 1995).

vulnerable and the defendants were not notified of any risk of vulnerability.

Rule 607 provides that a party "may impeach a [witness's] testimony with contradictory evidence unless the 'probative value [of the evidence] is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'"[45] Thus, when an inmate relies on objective characteristics, such as size and physical build, his manner or appearance, and his sexual orientation, to establish both his vulnerability to sexual assault and the obviousness of that risk, prison officials may rebut those inferences.

Here, Booher intends to argue that his characteristics made him obviously vulnerable to sexual assault by another inmate, including his size and physical build, his manner or appearance, and his sexual orientation. The Prison Rape Elimination Act ("PREA") screening standards assess risk of sexual victimization based on "physical build, prior incarceration, sexual orientation, self-perceived vulnerability, and

[45] *United States v. Gilmore*, 553 F.3d 266, 271 (3d Cir. 2009) (citing Fed. R. Evid. 607 and 403).

'whether the inmate's criminal history is exclusively nonviolent.'"[46] To the extent that Gongloff and Fisher seek to contradict Booher's testimony that he was obviously at risk of sexual assault by another inmate, they may rely on evidence that Booher's identified characteristics alone are not dispositive of vulnerability, nor make such vulnerability obvious.

Accordingly, Gongloff and Fisher may present evidence that prison protocol screens inmates for risk of sexual victimization based on factors beyond objective characteristics, including whether the inmate's criminal history is exclusively nonviolent, and that Booher did not meet the criteria to meet the designation for risk of sexual victimization under PREA. Further, Gongloff and Fisher may present evidence regarding the absence of a PREA alert in the computer system based on this assessment to establish their lack of awareness of a substantial risk of sexual assault to Booher.

Although the defendants may present evidence that Booher did not meet the criteria to meet the designation for risk of sexual victimization and they did not receive a PREA alert on this basis, Gongloff and Fisher may not present evidence regarding the nature of Booher's 2021 criminal

---

[46] Doc. 88 at 9 (citing 28 C.F.R. § 115.41(d)(3)–(5), (7), (9)).

convictions, the details of the underlying 2021 crimes, or the specific felonies of which Booher was convicted in 2021. Likewise, any reference to Booher's offenses in any exhibit must be redacted before presentation to the jury. Use of the evidence for the specific purposes we have outlined above will be accompanied by a limiting instruction to the jury that they are not to consider this evidence for any other purpose.

Finally, to the extent that Gongloff and Fisher seek to contradict Booher's vulnerability testimony because he has violent felony convictions, this will not be permitted, unless and until Booher suggests that he is nonviolent or opens the door to his peacefulness.[47]

[47] *See Virgin Islands v. Belardo,* 385 F. App'x 149, 156 (3d Cir. 2010) (not precedential) ("[A] witness who himself opens the door to his peacefulness runs the risk of being questioned on prior acts that may impeach by contradiction the veracity of his testimony.").

## IV. Order

Accordingly, IT IS HEREBY ORDERED THAT the plaintiff's and the defendants' motions *in limine*[48] are GRANTED, in part, and DENIED, in part, as follows:

1. The defendants are permitted to introduce evidence of the plaintiff's 2018 *crimen falsi* conviction for impeachment purposes.
2. The defendants are permitted to cross-examine the plaintiff regarding the fact of specific acts of untruthfulness during the investigation underlying the plaintiff's 2021 violent felony convictions. They may not, however, reference the substance of any deceitful statements, the details of the underlying investigations, or the plaintiff's subsequent violent felony convictions.
3. The defendants are precluded from presenting evidence of the plaintiff's 2021 violent felony convictions to impeach the plaintiff's credibility.
4. The defendants may not present evidence of the plaintiff's violent felony convictions for impeachment by contradiction in response to the plaintiff's vulnerability testimony, unless the plaintiff presents

[48] Docs. 84, 87.

evidence of his peacefulness or non-violent character. The defendants may, however, present evidence that the plaintiff did not meet the criteria to meet the designation for risk of sexual victimization under PREA, which considers "whether the inmate's criminal history is exclusively nonviolent," and they did not receive a PREA alert on this basis. They may not present evidence regarding the nature of the plaintiff's 2021 criminal conviction, the details of the underlying crimes, or the specific felonies of which the plaintiff was convicted in 2021.

So ordered this 18th day of September 2026.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge